**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
CIVIL ACTION NO.: _____**

**JOYCE PEDIGO,**                                                                                          **PLAINTIFF**

**v.**

**NOTICE OF REMOVAL**

**SPEEDWAY, LLC,**                                                                                          **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Speedway LLC (hereinafter "Speedway"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of the case styled as "*Joyce Pedigo v. Speedway, LLC*" [sic], Civil Action No. 19-CI-214, currently pending in the Circuit Court of Boone County, Kentucky to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington. As grounds for the removal of this action to this Court, Speedway states as follows:

**A.     Factual and Procedural Background**

1. Plaintiff Joyce Pedigo (hereinafter "Plaintiff") instituted this civil action in the Circuit Court of Boone County, Kentucky against Speedway on or about February 13, 2019.

2. Speedway was served with a copy of the Summons and Complaint via certified mail on its registered agent for service of process on or about February 19, 2019;

3. The instant action is of a civil nature at law, wherein Plaintiff asserts a claim of negligence arising out injuries she allegedly sustained on Speedway's premises

1

on March 17, 2018.  She seeks past and future compensatory damages therefrom, including but not limited to past and future "mental and physical pain and suffering both of a temporary and permanent nature", "hospital, medical and other rehabilitation expenses", "loss of ability to lead and enjoy a normal life", and "lost earnings and impaired ability to labor and earn money in the future". She also claims that as a direct and proximate result of Speedway's "negligence, oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others", she suffered the injuries described above so as to warrant punitive damages. *See* Summons and Complaint, attached hereto as **Exhibit A**, at paragraphs 25(a)-(d) and 28 of Complaint.

4. In the Complaint, Plaintiff alleges that she is a citizen and resident of Nelson County, Kentucky.  *See* **Exhibit A** at ¶1.

5. Speedway, which operates the Speedway store where the incident in question occurred, is a limited liability company formed and existing under the laws of the states of Ohio and Delaware with its principal place of business in Enon, Ohio, specifically 500 Speedway Drive, Enon, Ohio.

6. During all relevant times, Speedway was/is a Delaware limited liability company with a sole member, MPC Investment LLC. MPC Investment LLC was/is a Delaware limited liability company with a sole member, Marathon Petroleum Corporation. Marathon Petroleum Corporation was/is a Delaware corporation with its principal place of business in Ohio. Thus, during all relevant times, Speedway was/is a citizen of the states of Ohio and Delaware.

7. Therefore, complete diversity among the parties exists.

8.  The Complaint failed to provide specific information for Speedway to determine that the amount in controversy exceeds $75,000.00. *See* **Exhibit A**.

9.  Speedway received a pre-suit settlement demand from Plaintiff on January 16, 2019, wherein Plaintiff demanded $125,000.00 to settle her claims against Speedway. *See* <u>Settlement Demand Correspondence</u>, attached hereto as **Exhibit B**. This correspondence also informed Speedway that Plaintiff's past medical expenses equal $40,000.00 regarding abrasions to her face, a dislocation and displaced fracture to the fifth metacarpal of her left hand, a lacerated tendon in her left hand, and a fracture to the fifth metatarsal in her right foot. The correspondence further states that Plaintiff lost her employment position due to her due to her inability to perform the job due to limitations imposed upon her by her injuries.

10. Pursuant to 28 U.S.C. §1446(a), to date, the only documents constituting "process, pleadings, and orders served upon" Speedway in the state court action are the Summons and the Complaint, which are attached as **Exhibit A**. *See* <u>Docket</u>, attached hereto as **Exhibit C**.

**B.  Removal of this matter is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446**

1.  Venue for this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending.

2.  This Court has original jurisdiction pursuant to 28 U.S.C. §1332 because there exists complete diversity of citizenship between Plaintiff and Speedway, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs;

3

3.  The removal of this case on the basis of diversity of citizenship is not precluded by 28 U.S.C. §1332 because the only Speedway is not a citizen of the Commonwealth of Kentucky, the State in which this action was brought.

4.  Under applicable law "a settlement letter is relevant evidence of the amount in controversy if it seems to reflect a reasonable estimate of the Plaintiff's claim." *Whitehead v. Dollar Tree Stores, Inc.* (2016 U.S. Dist. LEXIS 104978, *7) (denying remand where Plaintiff made demand exceeding $75,000.00 based upon damages including "past medical bills in addition to damages for future medical expenses, lost wages, impairment of the ability to earn an income, pain, suffering, and emotional anguish." *Id.* At the time of the removal, Plaintiff's past medical expenses were known to be $10,200.00. *See Id.*)

5.  Furthermore, "punitive damages must be considered in determining the amount on controversy 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 852 (E.D.Ky. 2006).

6.  This Notice of Removal is timely under 28 U.S.C. § 1446(b). Speedway was served with a copy of the Summons and Complaint on February 19, 2019. Speedway has not filed an answer or otherwise responded to the Complaint. This Notice of Removal is filed within thirty (30) days of Speedway's receipt of the Complaint, and is timely filed under 28 U.S.C. § 1446(b).

7.  Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of Boone County, Kentucky, and served upon Plaintiff's counsel.

**WHEREFORE**, Defendant Speedway LLC submits that this Notice of Removal to the Court herein is proper and hereby gives notice to the Clerk of the Circuit Court of Boone County, Kentucky, that said Removal is hereby effected and that no further action by the Circuit Court shall take place unless this action is remanded by the United States District Court.

**SPEEDWAY LLC**

By  */s/ Alexis B. Mattingly*
Of Counsel

Alexis B. Mattingly (KY Bar #91758)
**DINSMORE & SHOHL LLP**
611 Third Avenue
Huntington, West Virginia 25701
(304) 691-8406 Phone
(304) 522-4312 Fax
alexis.mattingly@dinsmore.com
**COUNSEL FOR DEFENDANT
SPEEDWAY LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "**NOTICE OF REMOVAL**" has been served via U.S. mail on this 6th day of March, 2019:

Brenton D. Stanley, Esquire
MORGAN & MORGAN KENTUCKY, PLLC
420 West Liberty Street, Suite 260
Louisville, KY 40202-3048
*Counsel for Plaintiff*

*/s/ Alexis B. Mattingly*
