| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **19-CI-00214**<br>Court:    **CIRCUIT**<br>County: **BOONE** |

*Plantiff,* **PEDIGO, JOYCE VS. SPEEDWAY, LLC,** *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **306 W MAIN ST**
     **SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is SPEEDWAY, LLC

The Commonwealth of Kentucky to Defendant:
**SPEEDWAY, LLC**

You are hereby notified that **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                    /s/ David Martin, Boone
                    Circuit Clerk
                    Date: 2/13/2019

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____        _____
                                    Served By

                                    _____
                                    Title

---

Summons ID: 146601010692298@00000339654
CIRCUIT: 19-CI-00214 Certified Mail
PEDIGO, JOYCE VS. SPEEDWAY, LLC



Page 1 of 1



EXHIBIT A

*Presiding Judge: HON. RICHARD A. BRUEGGEMANN (654349)*

CASE No. _____     COMMONWEALTH OF KENTUCKY
                                                BOONE CIRCUIT COURT

JOYCE PEDIGO                                             PLAINTIFF

v.                          *ELECTRONICALLY FILED*

SPEEDWAY, LLC                                            DEFENDANT
500 SPEEDWAY DR.
ENON, OH 45323

    Serve: CT CORPORATION SYSTEM
            306 W MAIN ST
            SUITE 512
            FRANKFORT, KY 40601

## COMPLAINT

Comes now the Plaintiff, Joyce Pedigo, by counsel, and for her causes of action against the above-named Defendant states as follows:

### PARTIES

1. The Plaintiff, Joyce Pedigo, is a citizen and resident of the state of Kentucky, residing at 328 S. 4th Street, Bardstown, KY 40004.

2. Defendant Speedway, LLC was at all relevant times a limited liability company organized in the state of Delaware, with its principal place of business in Ohio.

### JURISDICTION AND VENUE

3. The circumstances giving rise to this Complaint took place in Boone County, Kentucky.

4. The amount in controversy exceeds the jurisdiction requirements of this Court.

5. This Court has jurisdiction over the parties and the subject matter and venue is proper in this Court.

## GENERAL ALLEGATIONS

6. The incident that forms the basis of the claims stated herein is an injury to the Plaintiff that occurred on or about March 17, 2018, in the parking area of Speedway, 411 Mt. Zion Rd., Florence, KY (hereinafter the "premises"). As a result of the negligence of the Defendant, the Plaintiff fell and sustained injuries, including injuries to her left hand and right foot.

7. On or about March 17, 2018, the Plaintiff, while present in the parking lot of the premises as an invitee, tripped and fell on uneven pavement, causing physical injury. The uneven condition of the concrete was hazardous.

8. At all relevant times, Defendant and/or its predecessors or successors in interest had control over the parking lot and walkways of the premises.

9. Defendant knew or should have known that the above-mentioned pavement was uneven and constituted a tripping hazard.

10. Prior to the Plaintiff's fall, Defendant failed to take the steps necessary to repair and/or maintain the aforementioned pavement free from hazardous conditions.

11. Defendant failed to place any caution signs near the above-mentioned uneven pavement or otherwise warn the Plaintiff of the hazardous condition of the pavement.

12. Prior to the Plaintiff's fall, the Defendant knew or should have known that the above-mentioned pavement's hazardous condition would be dangerous for any entrants upon the premises.

13. The Defendant's failure to properly maintain the pavement and their failure to warn the Plaintiff of the above-mentioned hazardous condition were substantial factors in causing the

2

Filed          19-CI-00214     02/13/2019          David Martin, Boone Circuit Clerk

Plaintiff's injuries.

14. At all relevant times, the Defendant acted by and through its authorized agents, ostensible agents, servants, employees, and/or other representatives. The doctrine of *respondeat superior* applies to the Defendant for the negligent acts or failure to act of their authorized agents, ostensible agents, servants, employees, and/or other representatives. The Defendant authorized and/or ratified the tortious conduct of their authorized agents, ostensible agents, servants, employees, and/or other representatives or should have anticipated that such tortious conduct would occur.

15. Plaintiff notified Defendant through its authorized agents, ostensible agents, servants, employees, and/or other representatives regarding her fall and the manner in which it occurred.

16. Some of Defendant's negligent acts or omissions may have been violations of statutes, ordinances, and/or regulations. Such violations proximately caused the damages and injuries Plaintiff sustained. Said statutes, ordinances, and/or regulations were designed to protect a class of persons, in which the Plaintiff is included, against the risk of harm which occurred as a result of said violations.

17. The Defendant failed to comply with its duties of care, and/or the Defendant failed to comply with its duties fixed by statute, ordinance, or regulation, and were therefore negligent *per se*.

18. The negligence and/or negligence *per se* of the Defendant as set forth herein was a substantial factor in causing Plaintiff's fall and the injuries alleged herein.

19. As a direct and proximate result of Defendant's negligence and/or negligence *per se*, Plaintiff sustained temporary and permanent injuries, causing great physical, emotional, and mental pain and anguish and the loss of enjoyment of life, and Plaintiff will continue to suffer such damage in the future; and, Plaintiff has incurred expenses for medical treatment of said injuries and will be required to pay for medical treatment in the future, her injuries being permanent in

3

Filed          19-CI-00214    02/13/2019            David Martin, Boone Circuit Clerk

nature.

20. The acts and/or omissions of Defendant were malicious, wanton, reckless, and/or grossly negligent.

### COUNT I: NEGLIGENCE

21. The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

22. The Defendant owed a duty to the Plaintiff to exercise ordinary care in keeping the premises' pavement safe for entrants in order to prevent foreseeable injury. The Defendant breached this duty by failing to properly maintain and/or repair the premises' pavement in order to eliminate tripping hazards and by failing to warn the Plaintiff of the hazardous condition of the above-mentioned pavement.

23. The Defendant knew or should have known, prior to Plaintiff's injury, that an injury such as the Plaintiff's could occur as a result of the above-mentioned hazardous sidewalk. The Defendant breached its duty of care to the Plaintiff by failing to take steps necessary to keep the Plaintiff safe from foreseeable injury.

24. On or about March 17, 2018, as a direct and proximate result of Defendant's above-mentioned breaches of duty, the Plaintiff tripped and fell. As a result of her fall, she sustained injuries.

25. The Defendant's breaches of the duty of care owed to the Plaintiff were the direct and proximate cause of physical, emotional, and financial injuries suffered by the Plaintiff, including the following:

   a. mental and physical pain and suffering both of a temporary and permanent nature all to her damage in a sum to be determined by a jury sitting in the trial of this

4

Filed          19-CI-00214    02/13/2019            David Martin, Boone Circuit Clerk

Package:000006 of 000008
Presiding Judge: HON. RICHARD A. BRUEGGEMANN (654349)
Package : 000006 of 000008

    matter;

    b. the expenditure of sums of money for hospital, medical and other rehabilitation expenses and will be caused to expend such sums of money in the future in a sum to be determined by a jury sitting in the trial of this matter;

    c. loss of the Plaintiff's ability to lead and enjoy a normal life, all to her damage, in a sum to be determined by a jury sitting in the trial of this matter; and

    d. lost earnings and impaired ability to labor and earn money in the future, in a sum to be determined by a jury sitting in the trial of this matter.

## COUNT II: PUNITIVE DAMAGES

26. The Plaintiff adopts and reiterates each and every allegation above as if set forth fully herein, incorporates same by reference, and further states:

27. The above-described negligence of the Defendant constituted oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others.

28. As a direct and proximate result of the Defendant's negligence, oppression, fraud, malice, gross negligence, and a reckless disregard for the lives and safety of others, the Plaintiff suffered the injuries described herein so as to warrant the imposition of punitive damages.

29. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendant and others similarly situated.

**WHEREFORE**, the Plaintiff, Joyce Pedigo, by counsel, demands judgment against the Defendant as follows:

1. A trial by jury on all issues of fact herein;

2. Judgment against the Defendant in a fair and reasonable amount;

3. Pre and post judgment interest;

5

4.   Compensatory damages to the extent determined by a trier of fact, including compensation for past and future medical expenses, past and future pain and suffering, lost earnings, and impaired ability to labor an earn money in the future;

5.   Punitive damages to the extent determined appropriate by a trier of fact;

6.   Attorney's fees;

7.   Plaintiff's costs herein expended; and

8.   Any and all other relief to which the Plaintiff is entitled.

Respectfully submitted,

*/s/ Brenton D. Stanley*
Brenton D. Stanley, Esq.
MORGAN & MORGAN KENTUCKY, PLLC
420 West Liberty Street, Suite 260
Louisville, KY 40202-3048
Phone: (502) 912-5906; FAX: (502) 912-6452
bstanley@forthepeople.com
*Counsel for the Plaintiff*